27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Janet D. HAYES, Plaintiff-Appellant,
v.
Henry G. CISNEROS, Secretary of Housing and Urban
Development; John M. Taylor, in his official capacity as
director, Housing Management Division of the Richmond Area
Office of HUD, Defendants-Appellees,
and
Nationsbanc Mortgage Corporation of Virginia, a Virginia
corporation; Richard W. Gregory, Trustee, Defendants.
 No. 93-2400.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1994.
Decided: June 17, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge.
 Henry Lavinder Woodward, Legal Aid Society of Roanoke Valley, Roanoke, Virginia, for Appellant.
 John Francis Corcoran, Assistant United States Attorney, Roanoke, Virginia, for Appellees.
 Nancy L. Brock, Legal Aid Society of Roanoke Valley, Roanoke, Virginia, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Roanoke, Virginia; Peter M. Campanella, Ann E. Harrison, Paul A. Feiner, United States Department of Housing and Urban Development, Philadelphia, Pennsylvania, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Janet D. Hayes seeks review of a decision of the district court denying her petition for attorney's fees and costs brought pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A.Sec. 2412 (West Supp.1994). Finding that the district court did not abuse its discretion in denying Hayes' petition, we affirm.
 
 
 2
 Hayes applied to the Department of Housing and Urban Development (HUD), pursuant to 12 U.S.C.A. Sec. 1715u (West 1989), for acceptance into its mortgage assignment program. The mortgage assignment program requires, among other things, that the applicant demonstrate reasonable prospects of resuming full mortgage payments at the conclusion of the mortgage assignment. 24 C.F.R. Sec. 203.650(a)(6) (1993). HUD initially rejected Hayes' application and subsequently issued a Final Negative Decision based on its conclusion that Hayes had failed to demonstrate a reasonable prospect that she would be able to meet this requirement. Hayes brought this action against HUD,[1] seeking to have its decision reversed as arbitrary and capricious. During the course of litigation, HUD reconsidered and accepted assignment of Hayes' mortgage.
 
 
 3
 Hayes timely petitioned for attorney's fees and costs under the EAJA, arguing that HUD's position was not substantially justified as evidenced by the fact that HUD ultimately accepted assignment of her mortgage. Although HUD acquiesced after Hayes provided additional information during the course of litigation, the district court denied her petition, ruling that "[b]ased on the information Hayes [originally] provided HUD, a reasonable person could have concluded that Hayes would not be able to resume full mortgage payments." Hayes v. Cisneros, No. 92-0467-R, slip op. at 4-5 (W.D.Va. Aug. 27, 1993) (mem.).
 
 
 4
 The EAJA permits an award of attorney's fees and costs unless the position of the Government was substantially justified or there exist special circumstances that would make an award unjust. 28 U.S.C.A. Sec. 2412(d)(1)(A). We review the decision of a district court to grant or deny fees and costs under the EAJA for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 562-63 (1988). After reviewing the record, we conclude that the district court did not abuse its discretion and affirm on the reasoning of the district court.[2]
 
 AFFIRMED
 
 
 [1]
 Hayes' action named as defendants Henry G. Cisneros, Secretary of Housing and Urban Development; John M. Taylor, Director, Housing Management Division of the Richmond Area Office of HUD; NationsBanc Mortgage Corporation of Virginia; and Richard W. Gregory, Trustee
 
 
 [2]
 HUD, in violation of its own procedures, failed to document fully the facts and calculations upon which it relied in reaching its initial and final negative decisions. Failure to document the reasons for an administrative decision does nothing to bolster the credibility of an agency's proffered reasons for its position and, in a close question of whether an award under EAJA is appropriate, could result in a finding that the position was not substantially justified